The People of Puerto Rico, Plaintiff and Appellee, *v.* Cástulo Colón Feliciano, Defendant and Appellant.

Nos. Cr-62–38, Cr-62–39.   Decided November 30, 1962.

*Luis A. Noriega* for appellant.   *J. B. Fernández Badillo, Solicitor General,* and *Héctor R. Orlandi Gómez, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

Per curiam.

The prosecuting attorney filed four informations against Cástulo Colón Feliciano, appellant herein, for violations of § 4 of the *Bolita* Act and for events which took place on January 9, 26 and 29 and December 2, 1960. He was acquitted in two cases by the Superior Court, Guayama Part.   In the other two cases he was found guilty and sentenced to eight months in jail in each case to be served concurrently.

On appeal from these sentences of conviction he maintains that the trial court erred (a) in finding him guilty without taking into consideration the contradictions committed by the star witness of The People, and (b) without having

established his criminal responsibility beyond any reasonable doubt for acts committed on December 2, 1960, "since when the *bolita* list was seized on his person" and while the warrant of arrest was being executed against him he was not informed of the contents of the warrant and was searched, being informed thereafter of the contents thereof, and also that the contents of said list "did not show clearly and conclusively that it was a *bolita* list because its contents were susceptible to innocent interpretation."

In our opinion none of those two errors were committed. The evidence for the prosecution consisted of the oral testimony of the police officers Pío García Prados and Fernando Ibarra and of two exhibits. Defendant's evidence consisted in his own testimony, concerning the information for the events which took place on December 2, 1960.

▪ The first assignment refers to the information filed against him for the events occurred on January 26, 1960 and as to which policeman García Prados who was acting as an undercover agent, testified. Appellant argues that the court should not have given him credit because of "the contradictions committed by him." We have examined his testimony which was the main evidence in the cases of January of 1960. It is lengthy and detailed. It takes 58 pages of the transcript. Considered as a whole, the contradictions which he might have committed with respect to the name of the defendant are unimportant. The judge gave his testimony credit which we deem to be sufficient to establish, beyond any reasonable doubt, that the defendant sold to said undercover agent a *bolita* number, for twenty cents, that he entered that number in a yellow piece of paper and delivered it to the undercover agent. Exh. I of the People, Case M 61-10.

We find no sound basis in the evidence to support the second assignment. The warrant of arrest was issued by a judge on November 30, 1960. Policeman Ibarra, who executed it together with a fellow officer two days later, testified that when he arrested defendant he showed him the warrant,

explained to him that that warrant of arrest was for violation of the *Bolita* Act, that it had been issued by Judge Ismael Anglade, and thereafter searched him and found on him a list which he had "in his back pocket on the left side" of his pants.—Tr. 73 and 75. Appellant testified that it was after he was searched and the list was seized that policeman Ibarra showed him the warrant of arrest. The conflict arising from the evidence was decided against him by the trial court.

■■ The requirements fixed by §§ 121 and 122 of the Code of Criminal Procedure to make an arrest were substantially met. The cases cited in the brief of the Solicitor General refer to the execution of a search warrant. They are not applicable because in cases involving search warrants the officer in charge of serving it need not show it first to the person searched. *People* v. *Albizu*, 77 P.R.R. 851 (1955) and *People* v. *Sierra*, 78 P.R.R. 79 (1955). Where a warrant of arrest is executed it must be showed to the party interested "if required," as provided by § 122. The defendant did not require it. —Tr. 100 and 101.

A slight examination of the list which defendant himself testified was seized on him by policeman Ibarra leads to the conclusion that it was a list of *bolita* numbers. The innocent use that defendant suggests could be given to that list was not explained, not even insinuated by him at the trial. He merely answered, when asked whether he knew what the list was: "I do not know how to read or write." —Tr. 103.

For the reasons stated, the judgments appealed from will be affirmed.